In re: Hydratech Utilities, Inc., Debtor,

HYDRATECH UTILITIES, INC.,

                    Appellant,

vs.                                     Case No. 2:08-cv-331-FtM-UA
                                          Bankr. Case No. 9:07-bk-08397-ALP

TERRY KEATHLEY,

                    Appellee.
_____

In re: Hydratech Utilities, Inc., Debtor,

HYDRATECH UTILITIES, INC.,
MORSE & GOMEZ, PA,
ALBERTO F. GOMEZ, JR.,

                    Appellants,

vs.                                       Case No. 2:08-cv-523-FtM-UA
                                          Bankr. Case No. 9:07-bk-08397-ALP

TERRY KEATHLEY,

                    Appellee.
_____

# ORDER

This case comes before the Court on the following:

1.      Motion to Strike Arguments I and II from Appellant's Brief by Appellee Terry

          Keathley (Doc. No. 5, filed May 30, 2008); and

2.      Response and Opposition to Appellee's Motion to Strike Arguments I and II from Appellant's Brief by Appellant Hydratech Utilities, Inc. (Doc. No. 7, filed June 9, 2008).

## Background

Appellant and Debtor Hydratech Utilities, Inc. ("Hydratech") appeals the dismissal[1] of its voluntary bankruptcy case filed under Chapter 7 of the Bankruptcy Code. (Doc. No. 4, filed May 15, 2008.) Appellee and Insider-Creditor Terry Keathley argues that the Court should uphold the dismissal and further moves to strike the first two issues raised in Hydratech's Initial Brief. (Doc. No. 5; Doc. No. 6, filed May 30, 2008.) According to Terry Keathley, Hydratech waived these two arguments by not including them, as required by Federal Rule of Bankruptcy Procedure 8006, in its Statement of the Issues to Be Presented on Appeal. (Doc. No. 5 at 1.) In response, Hydratech asserts that these arguments were included in its Rule 8006 Statement, and if not they may be inferred therefrom. (Doc. No. 7 at 3-4.)

## Analysis

### I.      The Applicable Law

Regarding designation of the record and issues on appeal in a bankruptcy case, Rule 8006 of the Federal Rules of Bankruptcy Procedure provides in relevant part:

> Within 10 days after filing the notice of appeal as provided by Rule 8001(a), . . . the appellant *shall file* with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and *a statement of the issues to be presented.*

---

[1]  The Bankruptcy Court granted Terry Keathley's Motion to Dismiss Case as Bad Faith Filing. (Doc. No. 1-43 (Motion to Dismiss); Doc. No. 1-52 (Supplemental Motion to Dismiss); Doc. No. 1-5 (Order Granting Motion to Dismiss).)

Fed. R. Bankr. P. 8006 (emphasis added). In construing Rule 8006, the Eleventh Circuit Court of Appeals stated, "An issue that is not listed pursuant to this rule and is not inferable from the issues that are listed is deemed waived and *will not be considered on appeal*." *Snap-On Tools, Inc. v. Freeman (In re Freeman)*, 956 F.2d 252, 255 (11th Cir. 1992) (emphasis added); *see also Bracewell v. Kelley (In re Bracewell)*, 322 B.R. 698, 702 (M.D. Ga. 2005); *Intelligent Mailing Solutions, Inc. v. Ascom Hasler Mailing Sys., Inc.*, No. 4:04-cv-2195, 2006 WL 414066, at *4 (N.D. Ohio Feb. 21, 2006).

## II. Merits of the Motion to Strike

In its Rule 8006 Statement of the Issues on Appeal, Hydratech set forth one issue:

> Whether the Bankruptcy Court erred in granting the Motion to Dismiss Case as Filed in Bad Faith with respect to a corporate debtor which had assets, without first conducting an evidentiary hearing after considering argument of counsel at a preliminary hearing.

(Doc. No. 1-6 at 2.) Subsequently, in its Initial Brief on appeal, Hydratech listed three issues:

> 1. Whether the Bankruptcy Court abused its discretion and applied the improper legal standard when deciding to dismiss the Debtor's Voluntary Chapter 7 case?
>
> 2. Whether the Bankruptcy Court abused its discretion and based its decision to dismiss the Debtor's Voluntary Chapter 7 case on erroneous or absent findings of fact or failed to follow proper procedures?
>
> 3. Whether the Bankruptcy Court erred by failing to conduct an evidentiary hearing on the Motion to Dismiss the Debtor's Voluntary Chapter 7 case?

(Doc. No. 4 at 5.) Given the facial differences between the two statements of the issues on appeal, the Court must decide whether the three issues set forth in Hydratech's Initial Brief were stated in or are inferable from Hydratech's Rule 8006 Statement.

As quoted above, the sole issue presented in Hydratech's Rule 8006 Statement was whether the Bankruptcy Court committed a procedural error in dismissing the case without first holding an evidentiary hearing. This is repeated as issue 3 in Hydratech's Initial Brief. However, issues 1 and 2 concern, respectively, whether the Bankruptcy Court considered the merits of the Motion to Dismiss using the correct legal standard and whether the Bankruptcy Court otherwise relied on erroneous factual findings or used improper procedures in reaching its decision. Because these arguments are not stated in Hydratech's Rule 8006 Statement, they may be pursued on appeal only if they are fairly inferable from this Statement.

To "infer" means "to derive by reasoning or implication,"[2] "to conclude from facts or from factual reasoning,"[3] or "to reason from one thing to another."[4] Hydratech asks the Court to infer from a rather narrow issue, whether the Bankruptcy Court erred in failing to hold an evidentiary hearing, two completely distinct issues involving the Bankruptcy Court's decision on the merits of the Motion to Dismiss. It does not follow that because the Bankruptcy Court failed to conduct an evidentiary hearing before dismissing the case, it also applied the wrong legal standard in dismissing the case and based its decision on erroneous facts and other improper procedures. Although these arguments all relate in a general sense to the dismissal of the case, they are distinct and separate issues: one does not follow a chain of reasoning to get from the one Rule 8006 Statement issue to the other two Initial Brief issues. Accordingly, issues 1 and 2 in Hydratech's Initial Brief are not

---

[2] *Webster's Third New International Dictionary* 1158 (2002).

[3] *Black's Law Dictionary* 793 (8th ed. 2004).

[4] *Oxford English Dictionary Online* (2008), http://www.oed.com/.

inferable from Hydratech's Rule 8006 Statement.[5]  Because these arguments were not properly raised, they must be stricken from Hydratech's Initial Brief.  The Court will not consider these arguments on appeal.

### Conclusion

Based on the foregoing, the Motion to Strike Arguments I and II from Appellant's Brief by Appellee Terry Keathley (Doc. No. 5, filed May 30, 2008) is **GRANTED**.  This Bankruptcy appeal shall proceed only on issue 3 as set forth in Hydratech's Initial Brief.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February 25, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[5]  Moreover, Hydratech did not file any written response raising these issues in opposition to the Motion to Dismiss and failed to set forth these arguments during the hearing on the Motion before the Bankruptcy Court.  (*See* Doc. No. 1-55.)